**SEAFARERS INTERNATIONAL UNION OF NORTH AMERICA, ATLANTIC, GULF, LAKES AND INLAND WATERS DISTRICT, AFL–CIO, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent,**

and

**American Commercial Barge Line Company, Intervening Respondent.**

No. 89–1201.

United States Court of Appeals, Seventh Circuit.

Submitted Jan. 4, 1990.

Decided Feb. 7, 1990.

Irwin H. Cutler, Jr., David W. Hupp, Segal, Isenberg, Sales, Stewart & Cutler, Louisville, Ky., for petitioner.

Carol L. VanHal, Vedder, Price, Kaufman & Kammholz, Chicago, Ill., Vance D. Miller, Lashly, Baer & Hamel, St. Louis, Mo., David W. Miller, Baker & Daniels, Indianapolis, Ind., for intervenor-respondent.

Aileen A. Armstrong, Howard E. Perlstein, Joseph H. Bornong, N.L.R.B. Appellate Court, Enforcement Litigation, Washington, D.C., for N.L.R.B.

Before FLAUM, EASTERBROOK, and RIPPLE, Circuit Judges.

EASTERBROOK, Circuit Judge.

Deadlines keep cases moving. Time limits benefit all who expect to be litigants,

even as they arbitrarily eradicate the claims of those who tarry. Limits within litigation are much shorter than those applying to commencement of litigation. For reasons that have lost their original force, orders of the National Labor Relations Board are not self-executing. Employers and unions may thumb their noses at the Board's orders until a court enforces them. *NLRB v. P\*I\*E Nationwide, Inc.*, 894 F.2d 887 (7th Cir.1990). Congress went to the other extreme: it set no time limits. So the Board may wait more than a year, as it did in *P\*I\*E*, or the employer six months, as it did in *Kovach v. NLRB*, 229 F.2d 138 (7th Cir.1956), or ten, as in *Buchanan v. NLRB*, 597 F.2d 388, 392–93 (4th Cir.1979). Laches sets the outer limit, *Occidental Life Insurance Co. v. EEOC*, 432 U.S. 355, 373, 97 S.Ct. 2447, 2457, 53 L.Ed.2d 402 (1977). Yet prejudice, an essential ingredient of laches, is hard to establish, as *P\*I\*E* demonstrates.

Short, easy-to-determine time limits would be superior to case-by-case determination of laches. *Smith v. City of Chicago*, 769 F.2d 408 (7th Cir.1985); *Herman v. City of Chicago*, 870 F.2d 400 (7th Cir. 1989). Uniform time limits also would enable all arguments concerning a single order to be addressed at one go. American Commercial Barge Line Company, which filed a petition to review an order of the NLRB, believes it has found a way both to shorten the time and to force all objections into a single case.

The Board issued an order on December 15, 1988. Neither the employer nor the union was satisfied, and each filed a petition for review: the employer on December 19, 1988 (No. 88–3452), and the union on January 31, 1989 (No. 89–1201). Each intervened in the case commenced by the other's petition. For good measure the Board, following its custom, filed a crosspetition to enforce its order (No. 89–1521). The union's petition, filed 45 days after entry of the Board's order, is timely by any standard. But wait!, the employer insists. The union sought review more than a month after the employer did. According to the employer, delay made the union's petition untimely under Fed.R.App.P. 4(a)(3), which provides:

> If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days after the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period last expires.

Both the union and the NLRB oppose the employer's motion to dismiss the petition for review.

Two obstacles prevent the use of Rule 4(a)(3) to dismiss the union's petition for review. First, it doesn't apply. Fed.R. App.P. 20 provides that "[a]ll provisions of these rules are applicable to review or enforcement of orders of agencies, except that Rules 3–14 and Rules 22 and 23 are not applicable." Rule 4(a)(3) is thus "not applicable" to petitions seeking review of administrative orders. Second, even if Rule 4(a)(3) did apply, the union's petition still would be timely. Rule 4(a)(3) extends rather than contracts the time within which to take an appeal. Once one party files a notice, any other has 14 days or the "time otherwise prescribed ... whichever period last expires." Litigants in cases to which an agency of the United States is a party have 60 days to file a notice of appeal, see Rule 4(a)(1). If one party seeks review on the 60th day, the others have two more weeks to decide whether to take cross-appeals. If one party files a notice of appeal on the very day the judgment is entered, this does not abbreviate from 60 to 14 days the time other parties have within which to file their own appeals.

The employer seeks refuge in this language from *Illinois Bell Telephone Co. v. FCC*, 740 F.2d 465, 477 (7th Cir.1984):

> The [North American Telecommunications] Association was entitled to intervene in this proceeding because it had an interest in the outcome.... But it was not entitled to intervene for the purpose it did, that is, to challenge rather than defend the [agency's] order. If it wanted to challenge the order it had to file a petition for review, or a cross-petition within 14 days after the filing of the first

petition for review; it could readily have done either, since it was a party to the proceeding before the agency. This is the rule for appeals from district courts, see Fed.R.App.P. 4(a)(3) ... as well as for review of decisions of administrative agencies, see Fed.R.App.P. 1(a); *Bath Iron Works Corp. v. White*, 584 F.2d 569, 573 n. 2 (1st Cir.1978); 9 Moore's Federal Practice ¶ 204:11[2] (2d ed.1983). It is the orderly, as well as the prescribed, procedure. By filing its brief as an intervenor at the same time as the Commission and the other parties ... who were defending the order, the Association deprived the Commission of a chance to respond, in its brief in response to the other challengers, to the Association's challenge.

The point of this discussion is the unexceptionable proposition that a person who wants to upset an administrative order must file a petition for review; it may not intervene in someone else's case and seek relief that the petitioner did not request. We did not hold in *Illinois Bell* that Rule 4(a)(3) sets a time limit in administrative cases. The Association did not file a petition for review, so the time limits that would have applied, had it filed a petition, did not affect the disposition. Moreover, we did not hold that Rule 4(a)(3) reduces the time otherwise provided by law for filing an appeal or petition. Nonetheless, this passage has potential to sidetrack other litigants, as it did the parties to this case, so we now make explicit that Rule 4(a)(3) does not reduce the time otherwise available. Rule 1(a) establishes that in general the Rules of Appellate Procedure apply to proceedings seeking review of administrative decisions; it does not negate the specific limitation in Rule 20. Note 2 of *Bath Iron Works* cites Rule 4(a) in a discussion of administrative review, but like *Illinois Bell* the case involved failure to file a petition, rather than the timeliness of a petition. The part of Moore's Federal Practice cited in *Illinois Bell* likewise dealt with the need to file your own petition in order to attack the administrative decision.

The employer has not cited to us any case dismissing a petition for review on the ground that it was filed more than 14 days after some other petition, but within the time otherwise allowed by law. We could not find such a case. Jurisdictional rules should be simple to ascertain and easy to apply. Rule 20 is straightforward. Time limits applicable to petitions in administrative cases must be found outside the Rules of Appellate Procedure. For most administrative cases that means the Hobbs Act, which gives 60 days. 28 U.S.C. § 2344. For labor cases, that means principles of laches. A 60–day limit ensures that late-filed petitions will not disrupt briefing schedules. Although the absence of limits in labor cases creates, at least in principle, the possibility that a party having a bright idea after the close of briefs could file a petition in an effort to get new papers before the court, judges can protect themselves from such maneuvers by deciding the first-filed case on its own briefs; the decision in that case would bind all parties under principles of preclusion.

Rule 4(a)(3) serves not to shorten the time or expedite briefing but to extend it, to reduce the pressure to file protective notices of appeal when satisfied with a judgment provided things get no worse as a result of someone else's appeal. Until 1967, when this provision first entered the Appellate Rules, a last-minute notice of appeal might go unanswered by a cross-appeal, leading prudent lawyers to file their protective conditional appeals in advance. So too in the Supreme Court until 1980, when a provision parallel to Rule 4(a)(3) first entered its rules. Robert L. Stern, Eugene Gressman & Stephen M. Shapiro, *Supreme Court Practice* 381 (6th ed.1986). In light of Rule 20, there is still a need for protective petitions in cases to which the Hobbs Act applies. Whether to provide extra time for cross-petitions, or to shorten the time available in labor cases, or to apply to administrative petitions other features of the appellate rules, are questions for Congress or the Supreme Court on the advice of the Advisory Committee on Appellate Rules. The motion to dismiss the petition is denied, and the case shall proceed to briefing.

RIPPLE, Circuit Judge, concurring.

I join the judgment of the court and its fine discussion of the inapplicability of Fed. R.App.P. 4(a)(3). I respectfully refrain from joining the early paragraphs of the opinion inasmuch as they render an opinion on the scheme devised by Congress for the review of NLRB decisions. *Cf. Tidewater Oil Co. v. United States*, 409 U.S. 151, 174, 93 S.Ct. 408, 421, 34 L.Ed.2d 375 (1972) (White J., concurring) (declining to join "the advisory to Congress reflecting one view of the relative merits of the Expediting Act").